**Robert WHEELER, Plaintiff–Appellee,**

v.

**Brent COSS; City of Reno, Defendants–Appellants.**

No. 08–15270.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 10, 2009.

Filed Sept. 3, 2009.

Terri Keyser–Cooper, Law Office of Terry Keyser–Cooper, Reno, NV, Diane K. Vaillancourt, Santa Cruz, CA, for Plaintiff–Appellee.

Jack D. Campbell, Donald L. Christensen, Reno City Attorney's Office, Reno, NV, for Defendants–Appellants.

Before: HUG, B. FLETCHER and HAWKINS, Circuit Judges.

## MEMORANDUM *

Reno Police Officer Brent Coss appeals the district court order denying him qualified immunity for arresting plaintiff Robert Wheeler. The district court granted partial summary judgment to Wheeler, holding that there was no probable cause for his arrest and that Coss was not entitled to qualified immunity. We agree with the district court and, reciting the facts only as necessary, affirm its decision.

Coss argues that he had probable cause to arrest Wheeler for harassment and, even if probable cause was lacking, he was entitled to qualified immunity because it would not have been clear to a reasonable officer that the arrest was unlawful.

"Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested." *Rodis v. City & County of San Francisco,* 558 F.3d 964, 969 (9th Cir.2009) (internal quotation omitted). "In establishing probable cause, officers may not solely rely on the claim of a citizen witness that he was a victim of a crime, but must independently investigate the basis of the witness' knowledge or interview other witnesses." *Arpin*

*v. Santa Clara Valley Transp. Agency,* 261 F.3d 912, 925 (9th Cir.2001). In Nevada, a person is guilty of harassment if he or she, without lawful authority, knowingly threatens another person with future bodily injury, and the targeted person is placed in reasonable fear that the threat will be carried out. Nev.Rev.Stat. § 200.571(1). Thus, to have probable cause to arrest Wheeler for harassment, Coss needed trustworthy evidence derived from independent investigation that Wheeler had threatened his wife, Tina Brown.

The district court listed several specific facts upon which Coss based his probable cause determination. Coss knew that Brown had called the police and reported that Wheeler had said he was coming home to "deal with her." He also knew from the caller ID box she showed him that Wheeler had indeed called the house that day. He observed that she was behaving like she was actually scared of Wheeler, and Brown told Coss that Wheeler had been acting unstable and had access to guns. However, in the middle of Coss's discussions with Brown, he received a call from dispatch informing him that Wheeler was at the local police substation requesting a police escort home to keep the peace. After a brief discussion with Wheeler at the substation, in which he observed that Wheeler seemed very upset, Coss arrested Wheeler.

The district court noted that Coss "admitted he had no idea who was telling the truth" and that he failed to investigate Wheeler's purported instability, access to firearms, or alleged statement to his wife. Based on the totality of the circumstances, the district court concluded that Coss lacked probable cause. We agree. The

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Circuit Rule 36–3.

record contains no evidence that Coss or any of the other police officers ever asked Wheeler whether he actually made the alleged threatening statement. Even if Wheeler's statement to Brown that he was coming home to "deal with her" could constitute a threat of future harm, Wheeler's subsequent act of going to the substation to seek a police escort to help keep the peace between him and Brown cast significant doubt on Brown's allegations that the statement was a threat, that Wheeler was violent, or that her fear of him was reasonable. Without further investigation revealing facts indicating a crime had been committed, Coss did not have probable cause to arrest Wheeler for harassment.

■ We also must consider whether despite the lack of probable cause, Coss's belief that he had probable cause was reasonable. *See Rodis,* 558 F.3d at 970. Coss argues that a reasonable officer would have thought he had probable cause to arrest Wheeler for harassment or violation of a temporary protective order. In light of the ambiguous, allegedly threatening language and Wheeler's request for police assistance to avoid violence, no reasonable police officer would have thought there was probable cause to arrest Wheeler for harassment. In regard to the reasonableness of arrest for violation of a protective order, Brown provided Coss paperwork that included an order scheduling a hearing to determine whether a protective order should issue. The hearing was scheduled to occur two days *after* Coss made the arrest. No reasonable officer would have concluded he had probable cause to arrest a person for violating a protective order that did not exist. *See Beier v. City of Lewiston,* 354 F.3d 1058, 1069–70 (9th Cir.2004) (requiring an arresting officer to read a protective order or ascertain its terms from a law enforcement source before making an arrest based on the order).

AFFIRMED.

HAWKINS, Circuit Judge, dissenting:

Because I believe that Officer Coss had probable cause to arrest Wheeler for the crime of harassment, I respectfully dissent.

"The test for whether probable cause exists is whether at the moment of arrest the facts and circumstances within the knowledge of the arresting officers and of which they had reasonably trustworthy information were sufficient to warrant a prudent man believing that the [accused] had committed ... an offense." *United States v. Jensen,* 425 F.3d 698, 704 (9th Cir.2005) (internal citation omitted). Here, Officer Coss had reason to believe that Wheeler had knowingly threatened to cause bodily injury to Brown and had put Brown in reasonable fear that the threat would be carried out. *See* Nev.Rev.Stat. § 200.571; Reno Mun.Code § 8.08.025.

Although ambiguous, Wheeler's statement he was "going to come home and take care of [Brown]" could imply an intent to harm, especially if uttered by an angry, estranged husband. Threats have everything to do with context, as our sister circuits have recognized, so facially innocuous statements may in fact constitute threats based on the surrounding circumstances. *See United States v. Cothran,* 286 F.3d 173, 175–76 (3d Cir.2002) ("[T]he use of ambiguous language does not preclude a statement from being a threat." (quoting *United States v. Fulmer,* 108 F.3d 1486, 1492 (1st Cir.1997))).

Moreover, after Wheeler's phone call, Brown was frightened to the point where she took her children and left the house, refusing to enter it again until it had been searched by the police. Even assuming

Brown may have overreacted to Wheeler's statement, from Officer Coss's perspective at the time her behavior indicated at least a genuine subjective fear, from which Coss could reasonably infer that Wheeler must have said something in such a way as to instill a reasonable fear the threat would be carried out.

The majority is correct that "officers may not solely rely on the claim of a citizen witness that he was a victim of a crime, but must independently investigate the basis of the witness' knowledge or interview other witnesses." *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir.2001). However, "a sufficient basis of knowledge is established if the victim provides facts sufficiently detailed to cause a reasonable person to believe a crime had been committed and the named suspect was the perpetrator." *Peng v. Mei Chin Penghu*, 335 F.3d 970, 978 (9th Cir.2003) (internal quotation omitted). Brown's statements regarding what transpired on the phone with Wheeler were sufficiently definite and descriptive to establish that a crime had been committed. Although Wheeler himself was the only witness to the conversation, Brown's complaint was corroborated by the Caller ID and by her behavior immediately following the conversation. When asked, Wheeler admitted he had called Brown and discussed some financial issues with her. Thus, overall, Brown's statements were sufficiently specific and sufficiently corroborated for Officer Coss to rely on them to establish probable cause for the crime of harassment.

The majority relies heavily on Wheeler going to the police substation and requesting a police escort home to undermine the reasonableness of the arrest. Although

this action may have indicated Wheeler did not *actually* intend to harm Brown that evening or that he changed his mind after making the statement he did, the crime of harassment does not require an intention to carry out the threat—it is the *making* of the threat that violates the statute, so long as the words place the recipient in reasonable fear the threat will be carried out. Wheeler's later actions are simply irrelevant to whether Officer Coss reasonably believed Wheeler had harassed Brown with the earlier phone call.

I would conclude that the district court erred in denying Coss's motion for summary judgment on the basis of qualified immunity.